IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| [1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo", (Counts 1-7) | SUPERSEDING INDICTMENT |
| [2] LUIS R. ELLIS BAEZ, aka "Siwin", (Counts 1, 4 & 7) | CRIMINAL NO. 06-261( DRD) VIOLATIONS: |
| [3] JUAN DE JESUS GARCIA URENA, aka "El Doctor", (Counts 1, 4 & 7) | Title 18, United States Code, Section 1956(a)(1)(B)(i) |
| [4] MAXIMO A. FLORES, (Counts 1,5,6 & 7) | Title 18, United States Code, Section 1956(h) |
| [5] DOMINGO URBINA PEREZ, (Counts 1,5,6 & 7) | |
| [6] FRANKLIN POLANCO, (Counts 1, 3 &7) Defendants. | Title 18, United States Code, Section 982 |
| | Title 18, United States Code, Section 2 |
| | SEVEN COUNTS |

THE GRAND JURY CHARGES:

## COUNT ONE

(Conspiracy to commit money laundering)
18 U.S.C. § 1956(h)

From in or about June of 2004, until on or about August 14, 2006, in the District of Puerto Rico, Florida, Iowa, New York, Colombia, China, Canada, elsewhere, and within the jurisdiction of this Court:

[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo",

[2] LUIS R. ELLIS BAEZ, aka "Siwin",

[3] JUAN DE JESUS GARCIA URENA, aka "El Doctor",

[4] MAXIMO A. FLORES,

[5] DOMINGO URBINA PEREZ,

[6] FRANKLIN POLANCO,

the defendants herein, did knowingly and intentionally combine, conspire, and agree with each other and with other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, they knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(h) & (a)(1)(B)(i).

## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were, among others, the following:

1. To generate money for its members and associates through the illegal sale and distribution of narcotics, such as cocaine.

2. To launder the proceeds of the illegal sale and distribution of narcotics through a series of financial transactions designed to avoid detection from authorities.

## MANNER AND MEANS USE IN FURTHERANCE OF THE CONSPIRACY

The manner and means used to accomplish the objects of the conspiracy included, among others, the following:

1. It was part of the conspiracy that the defendants and their co-conspirators would represent various Colombian based owners of United States currency collected from the sale of narcotics.

2. It was further part of the conspiracy that the defendants and their co-conspirators would coordinate and deliver large sums of United States currency, which constituted proceeds from the illegal sale of narcotics in Puerto Rico, so that they could be later wire transferred to the Colombian owners of the proceeds.

3. It was further part of the conspiracy the defendants and their co-conspirators would provide multiple bank accounts throughout the United States, Colombia, China, and Canada, with the corresponding instructions for the electronic transfer of the narcotics proceeds.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of this conspiracy and to effect and accomplish the objects of the same, one or more of the conspirators committed, among others, the following overt acts:

1. From in or about July of 2004, until in or about November of 2005, defendant **[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo"**, coordinated the delivery of narcotics proceeds in Puerto Rico in the form of U.S. currency with persons known to the Grand Jury.

2. On or about July 20, 2004, in San Juan, Puerto Rico, Ivan Ortega Garcia (not indicted

3

herein), delivered narcotics proceeds in the amount of ninety-nine thousand, five-hundred and eighty-one ($99,581.00) in U.S. currency to a person known to the Grand Jury for its later payment to the Colombian narcotics owner.

3. On or about August 25, 2004, in San Juan, Puerto Rico, **[6] FRANKLIN POLANCO**, delivered narcotics proceeds in the amount of two-hundred and ninety-nine thousand, three-hundred and fourteen dollars ($299,314.00) in U.S. currency to a person known to the Grand Jury for its later payment to the Colombian narcotics owner.

4. On or about September 1, 2004, in Guaynabo, Puerto Rico, co-defendants **[2] LUIS R. ELLIS BAEZ, aka "Siwin"** and **[3] JUAN DE JESUS GARCIA URENA, aka "El Doctor"**, delivered narcotics proceeds in the amount of eighty-nine thousand, nine-hundred and seventy-six dollars ($89,976.00) in U.S. currency to a person known to the Grand Jury for its later payment to the Colombian narcotics owner.

5. On or about November 17, 2004, in San Juan, Puerto Rico, co-defendants **[4] MAXIMO A. FLORES** and **[5] DOMINGO URBINA PEREZ**, delivered narcotics proceeds in the amount of one-hundred and twenty-three thousand, nine-hundred and ninety-five dollars ($123,995.00) in U.S. currency to a person known to the Grand Jury for its later payment to the Colombian narcotics owner.

6. On or about November 23, 2004, in San Juan, Puerto Rico, co-defendants **[4] MAXIMO A. FLORES** and **[5] DOMINGO URBINA PEREZ**, delivered narcotics proceeds in the amount of two-hundred thousand, one-hundred and fifty dollars ($200,150.00) in U.S. currency to a person known to the Grand Jury for its later payment to the Colombian narcotics

owner.

7. At diverse times during the span of the conspiracy, the defendants, co-conspirators, and others to the Grand Jury known and unknown, aiding and abetting each other, made themselves and their services available and participated in selected money laundering ventures on an "as needed" basis.

The Grand Jury hereby incorporates by reference Counts Two through Six of this Indictment and designates them as a further overt acts of this conspiracy.

All in violation of Title 18, United States Code, Sections 1956(h) & (a)(1)(B)(i).

## COUNT TWO

### (Money Laundering)
### 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2

On or about July 20, 2004, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo",**
the defendant herein, aided and abetted by others to the Grand Jury known and unknown, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, in the amount of ninety-nine thousand, five-hundred and eighty-one ($99,581.00) in U.S. currency, knowing that the

transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, they knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

### (Money Laundering)
### 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2

On or about August 25, 2004, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo",**

**[6] FRANKLIN POLANCO,**

the defendants herein, aided and abetted by others to the Grand Jury known and unknown, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, in the amount of two-hundred and ninety-nine thousand, three-hundred and fourteen dollars ($299,314.00) in U.S. currency, knowing that the transaction was designed in whole and in part to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, they knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

### (Money Laundering)
### 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2

On or about September 1, 2004, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo",**
**[2] LUIS R. ELLIS BAEZ, aka "Siwin",**
**[3] JUAN DE JESUS GARCIA URENA, aka "El Doctor",**

the defendants herein, aided and abetted one another and by others unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, in the amount of eighty-nine thousand, nine-hundred and seventy-six dollars ($89,976.00) in U.S. currency, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting

7

and attempting to conduct such financial transaction, they knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

**(Money Laundering)**
**18 U.S.C. §§ 1956(a)(1)(B)(i) and 2**

On or about November 17, 2004, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo",**
**[4] MAXIMO A. FLORES,**
**[5] DOMINGO URBINA PEREZ,**

the defendants herein, aided and abetted one another and by others unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, in the amount of one-hundred and twenty-three thousand, nine-hundred and ninety-five dollars ($123,995.00) in U.S. currency, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, they knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT SIX

**(Money Laundering)**
**18 U.S.C. §§ 1956(a)(1)(B)(i) and 2**

On or about November 23, 2004, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JUAN CARLOS MARCIALES CUBILLOS, aka "Camilo", "Cepillo",**
**[4] MAXIMO A. FLORES,**
**[5] DOMINGO URBINA PEREZ,**

the defendants herein, aided and abetted one another and by others unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, in the amount of two-hundred thousand, one-hundred and fifty dollars ($200,150.00) in U.S. currency, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, they knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title

18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

## COUNT SEVEN

**(Money Laundering Forfeiture Allegation)
18 U.S.C. § 982**

1. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of Count One through Six of this Indictment, as a result of violations, incorporated herein by reference, shall forfeit to the United States the following property:

   a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction in violation of Title 18, United States Code, Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

   b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted, to wit: one-million, one-hundred and sixty-three thousand, seven-hundred and thirty-six dollars ($1,163,736.00) in U.S. currency. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

   c. All United States currency funds or other monetary instruments credited to:

        i.        Bank of Nova Scotia, Account No. 3000700525-15.

        ii.       Citibank, New York, Account No. 10922826.

        iii.      Hongkong and Shangai Banking Branch, China, Account No. 0090101090.

        iv.      Dresdener Bank, New York, Account No. 940100.

        v.       US Bank, Account No. 196471326575.

        vi.      Colonial Bank, Miami, Florida, Account No. 8034244650.

        vii.     First Commercial Bank Taichung Branch, Tai Pei, Taiwan, Account No. 411 3004162.

        viii.    Citibank, New York, Account No. 10950229.

        ix.      Wachovia Bank, New York, Account No. 2000192000990.

        x.       Gibraltar Bank, FSB, Account No. 0050005537.

        xi.      Wachovia Bank, New York, Account No. 2000192001122.

        xii.     Citibank, New York, Account No. 36009162.

      d.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph one (1), if, by any act or omission of the defendant, the property described in paragraph one (1), or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Rule 32.2(a)

INDICTMENT
U.S. v. Juan Carlos Marciales Cubillos, et al

Federal Rules of Criminal Procedure.

Rosa E. Rodríguez Vélez
United States Attorney

*(signature)*
Jose Ruiz
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 10/31/06

*(signature)*
Jeanette Mercado-Rios
Assistant U.S. Attorney
Deputy Chief, Narcotics
Dated: 31 October 2006

*(signature)*
Timothy R. Henwood
Assistant U.S. Attorney
Dated: 10-31-06

TRUE BILL

———
For
Dat